GONZÁLEZ, DEMANDANTE Y APELADA, *v.* ALVAREZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1898.—Resuelto en mayo 31, 1919.

ALEGACIONES—DEMANDA—COBRO DE DINERO—SOCIEDADES.—Desde el momento en que una sociedad queda disuelta y se practica la liquidación, cualquiera de los socios tiene derecho a reclamar lo que le corresponda según lo que resulte del balance.

EVIDENCIA—PRUEBA SUFICIENTE.—Examinada la evidencia aportada al juicio juntamente con ciertas admisiones del demandado-apelante, *se resolvió:* que la sentencia estaba sostenida por la prueba y no había razón suficiente para ir contra las conclusiones de hecho de la corte inferior.

ALEGACIONES—DEMANDA SUFICIENTE—COBRO DE CANTIDAD—SOCIEDAD.—Examinadas las cinco causas de acción alegadas en la demanda, *se resolvió:* que los hechos alegados para determinar cada una de ellas eran suficientes a constituir causa de acción.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Angel A. Vázquez.*
Abogado de la apelada: *Sr. José Sabater.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por el demandado Hernán Alvarez Quiñones contra sentencia que pronunció la Corte de Distrito de Mayagüez condenándole a pagar a la demandante Carmen González Armas cierta suma de dinero.

En la demanda enmendada, presentada en 28 de septiem-

bre de 1917, fueron expuestas cinco causas de acción bajo las siguientes alegaciones.

### PRIMERA CAUSA DE ACCIÓN.

1. Que por escritura pública otorgada en 6 de julio de 1914 la demandante y el demandado constituyeron una sociedad industrial bajo la razón de Sucesores de J. L. Polanco, para dedicarse al negocio de compraventa de drogas, siendo el demandado, por ser farmacéutico titulado, el gerente del establecimiento de farmacia de dicha sociedad, denominada ''Carmen.''

2. Que de acuerdo con el contrato social el demandado sólo aportó a la sociedad su industria y trabajo con derecho a percibir la mitad líquida de los beneficios que hubiera, y la otra mitad había de corresponder a la demandante, debiendo cargarse los gastos generales en la proporción de ⅔ partes a la sociedad y ⅓ parte a la demandante.

3. Que vencido el término social se practicó un balance general del establecimiento de farmacia, de común acuerdo y por el propio demandado, en 15 de mayo de 1917, de cuyo balance resultó que el demandado adeudaba en su cuenta personal la suma de $941.46, y habiéndole correspondido por su parte de beneficios $823.68 quedó un saldo en su contra y a favor de la demandante de $117.78.

### SEGUNDA CAUSA DE ACCIÓN.

1. Se reproducen los hechos 1°., 2°. y 3°. de la primera causa de acción bajo el número 1°., y se alega, además:

2. Que al verificarse el balance general del establecimiento de farmacia en 15 de mayo de 1917, la existencia en caja ascendía, según dicho balance, a la suma de $1,664.63.

3. Que al hacerse cargo la demandante de la existencia en caja resultó que el verdadero montante de ella eran $1,461.52, faltando por consiguiente la suma de $203.11 de que dispuso el demandado.

### TERCERA CAUSA DE ACCIÓN.

1. Que a la sociedad adeudaba Vicente Alvarez Quiñones por drogas que le había vendido y entregado en diferentes partidas su hermano el demandado Hernán Alvarez Quiñones $215.11 de cuyo pago se hizo cargo el demandado sin que los hubiera satisfecho en todo ni en parte.

### CUARTA CAUSA DE ACCIÓN.

1. Que el demandado al practicar el balance a que se hizo referencia en la primera causa de acción, tomó para sí en drogas, medicinas y efectivo la suma de $20 que tampoco ha pagado a la demandante.

### QUINTA CAUSA DE ACCIÓN.

1. Que de acuerdo con el contrato de sociedad los gastos generales de ella deben cargarse en la proporción de ⅔ partes a la sociedad y ⅓ parte a la demandante.

2. Que después de practicado el balance en 15 de mayo de 1917, correspondió pagar al demandado por su parte proporcional de gastos de la sociedad la suma de $13.65 que tampoco ha satisfecho no obstante haber sido requerido de pago.

La demanda concluye con la súplica de que se dicte sentencia condenando al demandado a pagar a la demandante la suma líquida de $569.65 a que ascienden las partidas comprendidas en las distintas causas de acción, más los intereses legales de dicha suma, costas, gastos, desembolsos y honorarios de abogado.

A la anterior demanda opuso el demandado las excepciones previas de que la corte carecía de jurisdicción para conocer de cada una de las causas de acción expuestas en la demanda y la de que ésta no aducía hechos suficientes para determinar una causa de acción. Después contestó la demanda en los términos que pasamos a relatar.

El demandado acepta todos los hechos contenidos en la primera causa de acción.

Acepta igualmente los hechos 1°. y 2°. de la segunda causa de acción pero niega el tercero, y como materia nueva constitutiva de oposición alega: 1. Que con anterioridad al 15 de mayo de 1917 el demandado entregó a la demandante el establecimiento de farmacia, del que ella se incautó, practicándose en aquella fecha un balance; 2. Que a medida que se hacía el balance el demandado iba entregando a la demandante y ésta recibía bajo su custodia, como dueña, las existencias, cuentas y efectivo que se inventariaban y se comprendían en el balance, el cual quedó concluído en 15 de mayo, recibiendo la demandante el establecimiento de farmacia y las existencias inventariadas; 3. Que firmado el balance el demandado se retiró del establecimiento y no dispuso de cantidad alguna.

Respecto de la tercera causa de acción, admite el demandado que Vicente Alvarez Quiñones adeudaba a la demandante $25.11 y como materia nueva añade que celebró una estipulación con la demandante comprometiéndose a gestionar el cobro de la cantidad expresada para entregársela a la demandante.

El demandado niega los hechos alegados en la 4ª. y 5ª. causas de acción de la demanda.

Celebrado el juicio y practicadas pruebas por ambas partes, la corte estimó probados los siguientes hechos:

"1. Que por escritura otorgada en San Germán á 6 de julio de 1914, ante el notario Lcdo. Benito Forés, la demandante y el demandado constituyeron una sociedad industrial bajo la razón de 'Sucesores de J. L. Polanco' para dedicarse al negocio de compraventa de drogas en una farmacia denominada 'Carmen' establecida en la ciudad de San Germán y vencido el período social las partes practicaron un balance general del establecimiento de farmacia referido, y una liquidación de sus haberes con fecha 15 de mayo de 1917, de lo que resultó que el demandado adeudaba en su cuenta personal la suma de $941.46, y habiéndole correspondido por su mitad de bene-

ficios la suma de $823.68, quedó un saldo en su contra y a favor de la demandante de $117.78.

"2. Que según la liquidación referida la éxistencia en caja en dinero ascendía a $1,664.63 pero en realidad la suma verdadera que había en el banco era sólo de $1,461.52, y fué lo que recibió la demandante, de modo que existía una diferencia de $203.11 que debe de ser agregada a la liquidación y de cuya cantidad corresponde la mitad a la demandante y la otra mitad al demandado, de modo que el demandado debe pagarle a la demandante su mitad que no ha percibido montante a $101.56.

"3. Que el demandado como gerente de la sociedad referida dió a crédito a su hermano Vicente Alvarez Quiñones, drogas del establecimiento en diferentes partidas que montaron a la suma total de $215.11, de cuya deuda se hizo cargo el demandado haciéndola cargar a su nombre en los libros de la sociedad.

"4. Que el demandado tomó para sí en el establecimiento de farmacia referido y después de terminada la sociedad $20 en efectivo y de acuerdo con el contrato de sociedad el demandado debía de pagar la tercera parte de gastos y tal tercera parte hasta el 15 de mayo de 1917, eran $5.00 por alquiler de casa y $1.55 de luz.

"5. Que las cantidades relacionadas no han sido pagadas ni en parte ni en todo por el demandado a la demandante ni por ninguna otra persona."

Bajo las anteriores conclusiones de hecho fué pronunciada sentencia en 8 de febrero de 1918 por la que se decreta y ordena que la demandante Carmen González Armas recobre del demandado Hernán Alvarez Quiñones la suma de $461, con intereses legales desde la interposición de la demanda, costas, gastos, desembolsos y honorarios de abogado.

Contra la anterior sentencia interpuso el demandado recurso de apelación para ante esta Corte Suprema, fundado en que la corte erró al desestimar la excepción previa de que la demanda no aduce hechos suficientes para determinar una causa de acción, y en que la prueba es insuficiente para sostener la sentencia.

La alegación tercera consignada en la primera causa de acción de que venció el término social se practicó un balance general del establecimiento de farmacia, de común acuerdo

y por el propio demandado, en 15 de mayo de 1917, de cuyo
balance resultó que el demandado adeudaba en su cuenta
personal la suma de $941.46, y habiéndole correspondido por
su parte de beneficios $823.68 quedó un saldo en su contra
y a favor de la demandante de $117.78, muestra claramente
que la sociedad fué disuelta por vencimiento de su término
y que a virtud de la liquidación practicada quedó obligado
el demandado a pagar a la demandante la suma de $117.78.

Si según el balance practicado de común acuerdo por ám-
bas partes la existencia en caja debía ser de $1,664.63 bajo
cuya base fué que se practicó la liquidación, y luego al ha-
cerse cargo la demandante de dicha existencia resultó que
su verdadera cuantía era de $1,461.52 según se alega en la
segunda causa de acción, es obvio que faltó la suma de $203.11
de la que, según afirmación de la demandante, dispuso el de-
mandado, quedando, por tanto, obligado a pagarle la mitad
que de esa suma le correspondía y dejó de percibir.

Como al exponer la tercera causa de acción alega la de-
mandante que Vicente Alvarez Quiñones adeudaba a la socie-
dad la suma de $215.11 y que su hermano el demandado Her-
nán Alvarez Quiñones estuvo conforme en pagar esa canti-
dad cargándosela en su cuenta personal, la tercera causa de
acción contiene todos los elementos integrantes de una obli-
gación contraída por el demandado con la demandante.

En cuanto a la cuarta y quinta causas de acción, alegán-
dose por la demandante, como se alega, que al practicar el
balance tomó el demandado para sí en drogas, medicinas y
efectivo la suma de $20, lo cual no podía serle permitido,
y que después de practicado el balance le correspondió pa-
gar la suma de $13.65 por su parte proporcional de gastos
generales de la sociedad que deben cargarse en la propor-
ción de ⅔ partes a la sociedad y ⅓ parte a la demandante,
la acción de ésta para el cobro de esas partidas es manifiesta.

El apelante sostiene que en todo caso no la demandante
sino la sociedad constituída por ella y el demandado sería

la que tendría derecho al cobro por no haber habido disolución y liquidación de la sociedad, pero tal teoría es insostenible pues como hemos dicho antes la sociedad quedó disuelta y liquidada desde el 15 de mayo de 1917 en que se practicó el balance general de la misma con el resultado que se explica en la demanda.

Por lo que toca al segundo fundamento del recurso consistente en ser insuficiente la prueba para sostener la sentencia, hemos considerado las pruebas practicadas en el juicio, y examinadas esas pruebas en relación con la admisión del demandado al exponer la materia nueva constitutiva de oposición a la segunda causa de acción de la demanda, encontramos que la sentencia se sostiene por el resultado de las pruebas, sin que aparezca razón suficiente para ir contra las conclusiones de hecho a que llegó la corte inferior.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.